[Civil No. 623.    Filed February 23, 1898.]

[52 Pac. 353.]

DAN R. WILLIAMSON, Plaintiff and Appellant, v. GILA COUNTY, Defendant and Appellee.

1. OFFICE AND OFFICERS—SHERIFF—SALARY—GILA COUNTY—LAWS 1895, ACT NO. 51, AND REV. STATS. ARIZ. 1887, PAR. 1989, CONSTRUED.— Act No. 51, *supra*, reclassifying counties for the purpose of fixing the compensation of county officers, and changing Gila County from a county of the third to one of the fifth class, deprives the board of supervisors of said county of the power of allowing a salary to the sheriff, in addition to his fees, under paragraph 1989, *supra*, which provides that in a county of the third class the sheriff, in addition to fees, might receive such salary as the board of supervisors should allow, not exceeding six hundred dollars.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Peter R. Robertson, for Appellant.

E. J. Edwards, District Attorney, for Appellee.

SLOAN, J.—The appellant sued the appellee in the court below to recover the sum of one hundred dollars, salary alleged to be due as sheriff for the quarter ending June 30, 1897. Appellant based his right to recover upon an order made and entered by the board of supervisors of Gila County at their regular meeting, in July, 1897, fixing the salary of the sheriff of said Gila County for the years 1897 and 1898, under the provisions of paragraph 1989 of the Revised Stat-

utes, at the sum of four hundred dollars per annum. The appellee demurred to the complaint in the action, which demurrer was by the court sustained; and from this order of the court appellant brings his appeal.

The sole question presented here is whether the sheriff of Gila County, during the years 1897 and 1898, is entitled to receive any salary under an order of the board of supervisors made under the provisions of said paragraph 1989. This section provided that in a county of the third class the sheriff, in addition to the fees enumerated in the Fee and Salary Act, might receive such salary as the board of supervisors, by an order entered on their minutes, might allow, not exceeding the sum of six hundred dollars. Prior to the 21st of March, 1895, the various counties of the territory were divided into three classes, for the purpose of fixing the compensation of county officers. The county of Gila was, under this classification, a county of the third class. On March 21, 1895, the legislature reclassified the counties of the territory for the purpose of fixing the compensation of county officers, under which classification the county of Gila became a county of the fifth class. Laws 1895, Act No. 51, p. 62. The latter act made no provision for any salary to be paid to the sheriff, as sheriff, in any of the counties of the territory. Appellant contends that the reclassification of the counties by this act had no effect to take the county of Gila out of the class of counties in which the sheriff is permitted a salary, as provided by section 1989 of the Revised Statutes. It was wholly by reason of the fact that Gila County was of the third class of counties that the board of supervisors had any power to allow, by order, a salary to the sheriff in addition to the fees otherwise provided by law. It is true that a similar provision was found in paragraph 1988, which pertained to counties of the second class; but by paragraph 1987 it is found that no salary or compensation other than the fees enumerated in the Fee and Salary Act could be allowed county officers except assessors. It was clearly, therefore, the intention of the legislature, at the time the Fee and Salary Law (as contained in chapter 2 of title XXVIII of the Revised Statutes, of which the paragraph referred to was a part) took effect, that only should sheriffs and other county officers in certain classes of counties be entitled to any salary in addition to the other

compensation allowed them by law. The legislature, therefore, in providing for a new classification of counties, and in omitting to provide for salaries to be paid to sheriffs in addition to the other compensation allowed by law, must be presumed to have intended that only in such counties as came within the class in which such salaries had been allowed by prior enactment could such compensation be paid. The county of Gila, now being a county of the fifth class, is no longer within the class of counties in which such compensation is allowed; and the appellant, therefore, was not entitled to recover for the salary sued for. The judgment of the court below is therefore affirmed.

Street, C. J., and Davis, J., concur.